# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff - Respondent,<br><br>v.<br><br>RAMON ALEXANDER RODRIGUEZ,<br><br>                 Defendant - Petitioner. | CASE NO. 1:13-CR-0318-AWI<br><br>**ORDER DENYING DEFENANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

## I. Introduction

Defendant Ramon Alexander Rodriguez ("Defendant"), brings the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Defendant originally argued that (1) his sentence is constitutionally infirm in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015) ("*Johnson II*"), regarding the residual clause of the Armed Career Criminal Act ("ACCA") and (2) in any event, counsel was ineffective in failing to challenge whether Defendant's felony conviction for evading a police officer with willful or wanton disregard for the safety of persons or property in violation of California Vehicle Code § 2800.2 constitutes a crime of violence for purposes of a career offender enhancement pursuant to United States Sentencing Guidelines (USSG) § 4B1.2 (2014). In light of *Beckles v. United States*, ___ U.S. ____, 137 S.Ct. 886 (2017), holding that the

1

Guidelines are not subject to vagueness challenges, therefore "§ 4B1.2(a)(2) … is not void for vagueness," *Beckles*, 137 S.Ct. at 892, Defendant has abandoned his *Johnson*-based constitutionality challenge. Defendant now pursues only his claim that counsel was ineffective for failing to argue that a violation of California Vehicle Code § 2800.2 is not a crime of violence within the meaning of USSG § 4B1.2.

For the following reasons, Defendant's motion to vacate will be denied.

## II. Factual Background

Defendant was charged on August 15, 2013, in a two-count indictment with being a felon in possession of a firearm in violation of 28 U.S.C. 922(g)(1), and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Doc. 1. On May 18, 2015, Defendant pled guilty to the first count of the indictment—felon in possession of a firearm. Doc. 34.

On July 20, 2015, Defendant was sentenced. The sentencing court calculated the offense level pursuant to USSG § 2K2.1, which sets the base offense level for prohibited possession of a firearm at level 22 where (1) the offense involves a firearm described in 26 U.S.C. § 5845(a) and (2) the defendant suffered a prior felony conviction for a crime of violence or a controlled substance offense within the meaning of USSG § 4B1.2. *See* Doc. 34 at 5; USSG § 2K2.1(a)(3). The firearm that Defendant possessed was a shotgun having a barrel or barrels of 13 inches. *See* Doc. 38 at 5. Such a firearm falls within the description at 26 U.S.C. § 5845(a). *See* 26 U.S.C. § 5845(a) (listing "a shotgun having a barrel or barrels of less than 18 inches in length"); *see also* Doc. 34 at 6 (Defendant acknowledges that he possessed a "shotgun with a barrel or barrels of less than 18 inches in length.") The Government charged and the sentencing court found that the Defendant suffered a prior conviction for evading a police officer that qualified as a crime of violence. *See* Doc. 38 at 5; Doc. 46 at 4 (adopting recommendations of presentence investigation report).

From the base offense level of 22, the court applied a three level downward departure for acceptance of responsibility, *see* Doc. 38 at 5, for a total offense level of 19, Doc. 46 at 4. Defendant's criminal history category is category VI. The resulting sentencing guideline range was 63 to 78 months. The court imposed a sentence of 70 months imprisonment with the Bureau

of Prisons, as agree by the parties. Doc. 46 at 4; Doc. 34 at 5. Defendant voiced no objection to this sentencing calculation.

### III. Legal Standard

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See *U.S. v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Id.*

### IV. Discussion

A. Crime of Violence Overview

At the time of Defendant's sentencing, a crime could qualify as a "crime of violence" for purposes of USSG 4B1.2(a) in three ways: (1) by containing as an element use or attempted use of physical force against another person, (2) by being one of the enumerated offenses, or (3) by

3

"involve[ing] conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a) (2014).[1] The sentencing court found that Defendant's prior conviction for evading a police officer constituted a crime of violence. *See* Doc. 38 at 5; Doc. 46 at 4. The sentencing court did not explain why it determined that violation of California Vehicle Code § 2800.2(a) qualifies as a crime of violence. The Court now addresses that question.

California Vehicle Code § 2800.2(a) provides, in relevant part, as follows: "If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year." That crime does not contain as a necessary element the use or attempted use of physical force against another person. Similarly, it is not one of the enumerate offenses. The sentencing court could only have found that the offense fell within the residual clause—that it presented a serious risk potential risk of physical injury to another.

Two Ninth Circuit opinions have recently discussed whether California Vehicle Code § 2800.2 falls within the residual clause of the violent felony[2] definition of the Armed Career Criminal Act (ACCA)—*United States v. Martinez*, 771 F.3d 672 (9th Cir. 2014) *vacated by* 135 S.Ct. 2939 (June 30, 2015)—or the residual clause of the crime of violence definition of 18 U.S.C. § 16[3]—*Penuliar v. Mukasey*, 528 F.3d 603 (9th Cir. 2008). Because the residual clause of USSG § 4B1.2(a)(2) roughly mirrors[4] the residual clauses of the violent felony definition located

---

[1] USSG § 4B1.2 was amended on August 1, 2016, to remove the residual clause and modify the enumerated offenses that qualify as crimes of violence. *See* USSG § 4B1.2.

[2] 18 U.S.C. § 924(e)(2)(B) defines a violent felony as any crime that is punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another...."

[3] 18 U.S.C. § 16 defines a crime of violence as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another," or "a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[4] The residual clause of the crime of violence definition in 18 U.S.C. § 16(b) is broader than the then-existing crime of violence definition in USSG § 4B1.2 (a)(2). The former definition includes conduct that risks application of physical force against person *or property*; the latter definition includes only conduct that risks physical injury to a person. There is no meaningful distinction between the definition of "violent felony" in the ACCA and "crime of

4

at 18 U.S.C. § 924(e)(2)(B)(ii) and the crime of violence definition located at 18 U.S.C. § 16(b), those opinions are instructive. Defendant argues that because the Ninth Circuit's decision in *Martinez* was vacated prior to his sentencing, *Penuliar* was controlling authority on the date of Defendant's sentencing and that the sentencing court erred in failing to apply it. Doc. 53 at 4-5. The Court discusses both decisions below.

As a preliminary matter, both *Penuliar* and *Martinez* recognized the application of the two-step test first articulated in *Taylor v. United States*, 495 U.S. 575 (1990). *See Penuilar*, 528 F.3d at 608; *Martinez*, 771 F.3d at 674 (citing *Chandler*, 743 F.3d at 648). First, the court applies a "categorical approach" to determining whether an offense falls within the relevant residual clause—the court will determine whether the "fact of conviction and statutory definition of the predicate offense" fit within the definition of a "crime of violence" or "violent felony." If so, the crime is categorically a crime of violence. If not, the court may, if the statute is "divisible" (i.e. if the statute permits conviction under alternative sets of elements), apply a "modified categorical approach" and also consult a limited set of documents.[5] *See Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 2281, (2013). The consultation permitted does not permit a court to consider the facts underlying the predicate offense. *Id*.

In *Penuliar* the Ninth Circuit squarely confronted whether a conviction for evading a police officer with willful or wanton disregard for the safety of person or property in violation of § 2800.2 falls within the residual clause of 18 U.S.C. § 16. The *Penuliar* court explained that to categorically qualify as a "crime of violence," under Title 18, an offense must require "more than mere negligent or reckless conduct." *Penuliar*, 528 F.3d at 609 (citing *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc)). A conviction under California Vehicle Code § 2800.2 for evasion with willful or wanton disregard for safety can be sustained "if a

---

violence" in the Sentencing Guidelines' Career Offender enhancement. *See United States v. Chandler*, 743 F.3d 648, 650 (9th Cir. 2014) (per curiam).

[5] The *Penuliar* court applied the modified categorical approach without expressly determining whether California Vehicle Code § 2800.2 is "divisible." *Penuliar*, 528 F.3d at 608. Instead, the *Penuliar* court applied the modified categorical approach because it found that a conviction under § 2800.2 could be reached based on conduct that would fall within the relevant federal definition and conduct that would fall outside the relevant federal definition. *Penuliar*, 528 F.3d at 508.

The *Martinez* court declined to apply the modified categorical approach because the parties appeared to agree that California Vehicle Code § 2800.2 is not divisible. *Martinez*, 771 F.3d at 674 n 2.

driver commits three Vehicle Code violations." *Id*. The *Penuliar* court concluded that the *mens rea* requirement for 2800.2 was essentially akin to recklessness or negligent disregard for the safety of persons or property. As a result, the *Penuliar* court concluded that a violation of California Vehicle Code § 2800.2 does not categorically qualify as a crime of violence.

In *Martinez* the Ninth Circuit reversed course on whether California Vehicle Code § 2800.2 is a "violent" offense under the residual clause in light of *Sykes v. United States*, 564 U.S. 1, 9 (2011). In *Sykes*, the Supreme Court again applied the categorical approach in determining whether a state crime constituted a violent felony within the residual clause of 18 U.S.C. § 924(e)(2)(B). *Sykes*, 564 U.S. at 8 ("The question, then, is whether Indiana's prohibition on flight from an officer by driving a vehicle—the violation of Indiana law for which Sykes sustained his earlier conviction—falls within the residual clause because, as a categorical matter, it presents a serious potential risk of physical injury to another.") The *Sykes* court explained that fleeing from law enforcement posed a comparable risk to the enumerated offenses—burglary, extortion, arson, and crimes involving the use of explosives—"[e]ven if the criminal attempting to elude capture drives without going at full speed or going the wrong way." *Sykes*, 564 U.S. at 9. The High Court concluded that "[r]isk of violence is inherent to vehicle flight."

Relying on the *Sykes'* court's formulation of the risk sufficient to qualify an offense for violent felony treatment, the Ninth Circuit in *Martinez* explained that California Vehicle Code §§ 2800.1 and 2800.2, "like the Indiana statute in *Sykes*, requires intentional conduct. The plain language of [§] 2800.1 covers 'any person who, while operating a motor vehicle with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle.'" *Martinez*, 771 F.3d at 676 (quoting Cal. Veh. Code § 2800.1). The *Martinez* court focused on the intentional nature of the evasion—because the Supreme Court found that the evasion itself was inherently dangerous—rather than the willfulness of the disregard for the safety of others during the evasion. *Id*. Based on that focus, the Ninth Circuit found that a conviction under California Vehicle Code § "2800.2 is a predicate violent felony under the ACCA." *Id.* at 678; *see also United States v. Jones*, 740 F.3d 127, 137–138 (3d Cir. 2014) (Pennsylvania misdemeanor vehicle flight is a "crime of violence" under the Sentencing

6

Guidelines); *United States v. Petite*, 703 F.3d 1290, 1292, 1301 (11th Cir. 2013) (Florida vehicle flight, which requires "willfully" eluding law enforcement, is a "violent felony" under the ACCA); *United States v. Tillery*, 702 F.3d 170, 176–177 (4th Cir. 2012) (Virginia vehicle flight is a "crime of violence" under the Sentencing Guidelines); *United States v. Doyle*, 678 F.3d 429, 432, 437 (6th Cir. 2012) (Tennessee vehicle flight, which requires "intentionally" eluding law enforcement, is a "violent felony" under the ACCA); *United States v. Thomas*, 643 F.3d 802, 803, 806 (10th Cir. 2011) (Kansas vehicle flight, which requires "willfully" eluding law enforcement, is a "crime of violence" under the Sentencing Guidelines).

The Ninth Circuit's decision in *Martinez* was vacated on June 15, 2015, "in light of" *Johnson II*. In *Johnson II*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague in fixing the permissible sentence for crimes punishable under the ACCA. The same is not true of the residual clause of crime of violence definition of the Guidelines. *Beckles*, 137 S.Ct. 892 ("§4B1.2(a)(2) … is not void for vagueness.") The reasoning of the Ninth Circuit's decision in *Martinez* with regard to the violence of an evasion conviction under California law is sound. Indeed, *Martinez* is not alone in recognizing that *Sykes* abrogated *Penuliar*. *See, e.g.*, *United States v. Garcia-Santana*, 774 F.3d 528, 534 (9th Cir. 2014).

B. Ineffective Assistance of Counsel

Arguing that *Penuliar* was binding, Defendant contends that trial counsel was ineffective in failing to challenge whether evasion fell within the definition of crime of violence for purposes of USSG 4B1.2.

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish a constitutional violation for ineffective assistance of counsel actionable under § 2255, petitioner must demonstrate (1) a deficient performance by counsel, and (2) prejudice to petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). To prove deficient performance of counsel, the defendant must show that "that trial counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms." *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) (citing *Wiggins v. Smith*,

539 U.S. 510, 521 (2002)). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citation omitted). The defendant's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To show prejudice, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668 at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

Defendant was sentenced on July 20, 2015—approximately one month after the Ninth Circuit's decision in *Martinez* was vacated. Defendant's counsel did not object to the classification of Defendant's prior conviction for felony evasion in violation of California Vehicle Code § 2800.2 as a crime of violence. *See* Doc. 46 at 7. Defendant suffered no prejudice as a result of counsel's failure.[6] As noted above, *Penuliar* was abrogated by *Sykes*; a finding that violation of California Vehicle Code § 2800.2 is not a crime of violence would be irreconcilable with *Sykes*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir.2003) (per curiam) (en banc) (holding that when intervening authority from a court of last resort "is clearly irreconcilable with our prior circuit authority," both "a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled"). Even if defense counsel had relied upon *Penuliar* the outcome would not have been different. Violation of California Vehicle Code § 2800.2 remains a crime of violence for purposes of the Career Offender Guidelines located at § 4B1.2. *See Sykes*, 564 U.S. at 9-16.

///

///

---

[6] The Court does not decide whether counsel's performance was actually deficient. A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. *Strickland*, 466 U.S. 668 at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. at 689.

8

C. Certificate of Appealability

Next, the Court declines to issue a certificate of appealability. A federal prisoner seeking to vacate his conviction has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—[¶]
>
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a defendant's motion to vacate, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the defendant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Defendant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court will decline to issue a certificate of appealability.

**V. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to vacate is DENIED;
2. The Court DECLINES to issue a certificate of appealability.

The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated:  May 18, 2017

SENIOR DISTRICT JUDGE